# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Virginia Beach Driving School, Inc.

v.

Richard R. West

May 5, 1976

Case No. (Chancery) 75-1818

By JUDGE GEORGE W. VAKOS

This cause came on Motion for a Declaratory Judgment and Petition for an Injunction filed on behalf of the plaintiff and evidence was heard by the court on April 15, 1976.

Mr. Albert Vinciguerra testified that he, as president of the Virginia Beach Driving School, Inc., employed the defendant, Richard R. West, as a driving instructor and entered into a written contract with him on April 1, 1975. The contract signed by both parties contained in paragraph 5 a covenant not to compete as follows:

> 5. *Restrictive Covenant*: Upon termination of your employment whether by termination of this agreement, by discharge, or otherwise, the employee covenants and agrees that for a period of three (3) years and within a radius of fifty miles from the present location of the Corporation, namely, Suite 118, Mayflower Building, Virginia Beach, Virginia, that the employee shall not own, or in any way manage, participate as a partner or joint venture, as an agent, or as an officer, director or shareholder of a corporation or otherwise, in a competing business of a similar nature with that of the corporation.

The purpose of this covenant, according to Mr. Vinciguerra, was to protect his investment, since he had just recently purchased the driving school and did not want any former employees to open a competitive business. He testified that this was discussed with the defendant before defendant signed the contract in question. Mr. Vinciguerra also stated that there was no real reason for the fifty mile restriction and agreed that an area that covered the City of Virginia Beach would be sufficient, since the plaintiff at the time the contract was signed was the only driving school in Virginia Beach although there were several in Norfolk.

He further testified that for the first several weeks defendant was trained in their classroom methods and when State authorization was received defendant began working on his own and that he left their employ after working only three to four weeks.

Defendant testified he did not discuss the contract with Mr. Vinciguerra but took it home and returned it signed after a few days, that he was not happy with plaintiff's teaching methods or the agreed salary arrangement and after discussion with an attorney, he left the employ of plaintiff. He further testified that he opened Oceana Driving School shortly thereafter.

He further testified that he had previously qualified as a driver education instructor and upon commencing work for the plaintiff, the company was required only to seek authority from the State Department of Education to include him as an instructor.

In *Richardson v. Paxton Company*, 203 Va. 790 (1962) at page 794 the court stated that "Whether restrictive covenants in an employment contract will be enforced in equity depends upon the facts in each particular case. Citing *Meissel v. Finley*, 198 Va. 577, 579, 95 S.E.2d 186 (1956) . . ." In quoting *Worrie v. Boze*, 191 Va. 916, 62 S.E.2d 876 (1951), they reiterated the law in Virginia regarding these covenants and stated:

> That restrictive covenants of this character which reasonably protect the employer's business and are incident and ancillary to the contract of employment and limited as to area and duration

are enforceable in equity is not open to question . . . . Such covenants will be enforced unless found to be contrary to public policy, unnecessary for the employer's protection or unnecessarily restrictive of the rights of the employees, due regard being had to the subject matter of the contract and the circumstances and conditions under which it is to be performed.

Here the restrictive covenant was unquestionably included in the contract to prevent future business competition by the employee and specifically to prevent the employee from becoming involved in a competing business of a similar nature as an owner, manager, partner, agent, officer, director or shareholder.

Normally restrictive covenants of this type involve contracts for sale of a business or purchase of a partnership or business interest and the covenant not to compete is incident to or ancillary to the contract in order to reasonably protect the purchaser, or protect customer lists, trade secrets and the like.

"The possession of trade secrets and confidential information is an important consideration in testing the reasonableness of a restriction on competition," *Stoneham v. Wilson*, 169 Va. 239, 247, 192 S.E. 816 (1937).

"In judging whether restrictive provisions are unreasonably harsh and oppressive on the covenantor, it is relevant to consider the personalities involved as well as the circumstances of the transaction." *Meissel v. Finley, supra*, 198 Va. at page 583. Here the relationship of the parties was nothing more than employer and employee that lasted only three to four weeks. There was no special training, customer lists, or trade secrets involved. There was no evidence that the defendant had taken any of the plaintiff's existing customers, but obviously by the fact that the defendant is now in competition with the plaintiff, he may well share the market with the plaintiff.

In *Richardson v. Paxton Company, supra*, 203 Va. at page 795 the court stated:

In cases of this type the employer has the burden of proving that the restraint is reasonable and the contract is valid. Since

the restraint sought to be imposed restricts the employee in the exercise of a gainful occupation, it is a restraint in trade, and it is carefully examined and strictly construed before the covenant will be enforced. Moreover, the scope of permissible restraint is more limited between employer and employee than between seller and buyer, and the covenant is construed favorably to the employee. *Arthur Murray Dance Studios v. Witter, supra.*

Again, in *Kadis v. Britt,* 224 N.C. 154, 29 S.E.2d 543 (1944), it was held that:

The restrictive negative covenant in a contract of this sort, to be legally effective, must be ancillary to a valid affirmative covenant, and examination by the court is necessarily directed to the substance and validity of this covenant. When the contract is defective for want of a legally protectable subject *or because its practical effect is merely to stifle normal competition,* it is as much offensive to public policy as it ever was in promoting monopoly at the public expense and is bad. (Emphasis added)

In view of the circumstances of this case, it is the opinion of the court that the restrictive covenant in question is unnecessarily restrictive of the rights of the defendant and contrary to public policy and cannot be enforced. Therefore, the relief requested by the plaintiff will be denied.